ALLEN, Ex'r, *v*. TEXAS & P. RY. Co.[1]

(*Circuit Court, E. D. Louisiana.* November 18, 1885.)

1. REMOVAL CAUSES—FEDERAL CORPORATIONS.

Corporations deriving their corporate powers from acts of congress are entitled to have all suits brought against them in state courts removed to the circuit courts of the United States, on the ground that they are suits arising under the laws of the United States. *Pacific R. R. Removal Cases,* 115 U. S. 11; S. C. 5 Sup. Ct. Rep. 1113.

2. SAME—CONSOLIDATION OF STATE AND FEDERAL CORPORATIONS.

By the consolidation of a federal with a state corporation, the former does not lose any of its rights or franchises as such, and is not estopped from removing suits brought against it in the state courts to those of the United States, notwithstanding that the laws of the state in question provided: "If any railroad company, organized under the laws of this state, shall consolidate by sale or otherwise with any railroad company organized under the laws of any other state or of the United States, the same shall not thereby become a foreign corporation, but the courts of this state shall retain jurisdiction in all matters which may arise as if said consolidation had not taken place."

On Motion to Remand.

*Edward D. White* and *Eugene D. Saunders,* for plaintiff.

*John H. Kennard, W. W. Howe,* and *S. S. Prentiss,* for defendant.

PARDEE, J. In the *Pacific R. R. Removal Cases,* 115 U. S. 2, S. C. 5 Sup. Ct. Rep. 1113, it is expressly decided that the Texas & Pacific Railway Company is a corporation deriving its corporate powers from acts of congress, and is entitled to have all suits brought against it in state courts removed to circuit courts of the United States, on the ground that they are suits arising under the laws of the United States. It is conceded that this decision controls the present case, and defeats the motion to remand, unless by the acquisition of and consolidation with the New Orleans Pacific Railway Company in June, 1881, by necessary operation of the constitution and laws of Louisiana then in force, the Texas & Pacific Railway Company became a Louisiana corporation, and as such corporation is estopped from removing suits against it from the courts of Louisiana to the United States circuit courts.

The several acts of congress incorporating the Texas & Pacific Railway Company, and conferring various powers upon it, authorized it to extend its line of railroad eastward through Louisiana, and to unite with, acquire, and consolidate with other railroad companies. With these powers it came into Louisiana and acquired and consolidated with the New Orleans Pacific Railroad Company, a company organized and incorporated under the laws of Louisiana. At the time of the consolidation the constitution of Louisiana provided as follows:

"Art. 246. If any railroad company organized under the laws of this state shall consolidate by sale or otherwise with any railroad company organized under the laws of any other state, or of the United States, the same shall not

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

thereby become a foreign corporation, but the courts of this state shall retain jurisdiction in all matters which may arise, as if said consolidation had not taken place."

The laws of the state authorizing the consolidation of connecting or intersecting railroad companies have this proviso:

"That an office or officer be maintained and preserved in this state, where and upon whom citations may be served; and provided, further, that when a corporation created by or under any law of this state is consolidated with any corporation created by or under any law of any other state, the consolidated corporation shall, for the purposes of litigation with citizens of this state, have its domicile within the state of Louisiana, and be subject to the jurisdiction of the courts of this state." See act No. 39, Laws 1877, p. 50.

The effects of these provisions on the consolidated railroad company are (1) that the consolidated corporation shall not by consolidation become a foreign corporation; (2) that the courts of the state shall retain jurisdiction in all matters the same as if there had been no consolidation; (3) that the consolidated company shall maintain an office in the state where citations may be served; (4) that, for purposes of litigation with citizens of the state, the consolidated company shall have its domicile within the state, and be subject to the jurisdiction of the courts of the state.

Now, concede these limitations and provisions to be binding on the Texas & Pacific Railway Company, by reason of its consolidation with the New Orleans Pacific Railway Company, and it still remains that the corporate powers and franchises of the Texas & Pacific Railway Company in Louisiana are, in part at least, derived from the several acts of congress originally incorporating the company. The consolidation law of Louisiana, act No. 39, *supra*, expressly provides, in its second section, "that the said corporation which shall be so formed by the consolidation of two or more railroad corporations, as aforesaid, shall have, possess and exercise all the rights, powers, privileges, immunities, and franchises, and be subject to all the duties and obligations, (not inconsistent with the provisions of this act,) conferred and imposed by law upon such companies so consolidating, or either of them," so that even by the Louisiana law the Texas & Pacific Railway Company, by its consolidation with the New Orleans Pacific Railway Company, neither lost nor abdicated any of the rights, powers, privileges, immunities, and franchises (not inconsistent with the Louisiana consolidation act nor the Louisiana constitution) that it derived from the several acts of congress. If the company still possesses the rights, powers, privileges, immunities, and franchises conferred by congress,—and I do not see how it can be denied,—then it is still a federal corporation, and suits brought against it, according to the *Pacific R. R. Removal Cases, supra,* arise under the laws of the United States.

No matter if it is not a foreign corporation in Louisiana, nor if it is subject to the jurisdiction of the Louisiana courts, nor if its domicile is in Louisiana, nor if the spirit and purpose of the Louisiana

constitution and laws were to make the consolidated corporation wholly a Louisiana corporation, and thus prevent the removal of suits against it to the circuit courts of the United States, still its rights, powers, privileges, immunities, and franchises must be sought in and be determined by the laws of the United States.

It may be noticed that so far as this record goes the Texas & Pacific, in coming into Louisiana and acquiring the New Orleans Pacific, has acted wholly within its charter and powers as derived from congress, and it is not improbable that its acquisition of and consolidation with the New Orleans Pacific may be legal and valid without looking to Louisiana legislation on the subject. And it is proper to say in this opinion that a fair consideration of the constitution and laws of Louisiana bearing on the subject of the consolidation of railroad companies leads to the conclusion that all that the legislator intended by the limitations heretofore quoted was to secure jurisdiction for the state tribunals so far as citizenship and domicile are concerned, and not to deprive either of the consolidating corporations of any of their chartered rights and franchises, which rights and franchises might be the sole consideration, on one side or both, of the consolidation. It certainly cannot be considered that the law of 1877, in providing for the consolidation of a Louisiana railroad company with a connecting company outside of the state, contemplated, much less required, that the franchises of the foreign company should be surrendered or abdicated, for such surrender would defeat the very purpose of the consolidation. That the state of Louisiana intended to make the consolidated company waive any rights it might have to remove cases from the state to the United States courts as a condition of the consolidation, does not appear in the constitution or any law, and is not to be presumed, for such condition would be null and void as violating the constitution of the United States. See *Railway Co.* v. *Whitton,* 13 Wall. 270; *Insurance Co.* v. *Morse,* 20 Wall. 445.

The motion to remand is denied.